## COLLISION OF AUTOMOBILE AND PEDESTRIAN.

Court of Appeals of Hamilton County.

SAMUEL SHOTT, ADMINISTRATOR, v. EDNA FARRIN KORN.

Decided, July 23, 1913.

*Negligence—Pedestrian Killed at Street Crossing by Automobile—Accident Due to Failure of Both the Deceased and Chauffeur to Use Care.*

It is not error to instruct a verdict for the defendant owner of an automobile in an action for the death of a pedestrian, where it appears that the deceased attempted to cross a well lighted street in front of the approaching machine, which was in full view with its lamps burning.

*Horace A. Reeve* and *Joseph L. Meyer,* for plaintiff in error.
*Worthington & Strong* and *Albert Bettinger,* contra.

SWING, J.; JONES, E. H., J., and JONES, O. B., J., concur.

This case is here on error to the judgment of the Superior Court of Cincinnati. In that court it was an action for the wrongful death of Benjamin Shott. The trial court at the conclusion of plaintiff's testimony on motion of the defendants, directed the jury to return a verdict for the defendants.

The accident occurred at 8:37 o'clock on the evening of May 5, 1912. Benjamin Shott was killed by being struck by an electric automobile, the property of Edna Farrin Korn, at the intersection of Rockdale avenue and Reading road in this city. Shortly before the accident it had been raining, but it was not raining at the time. The automobile was coming south of Reading road and the decedent, Shott, was preparing to cross Reading road from the east to west. The automobile had its lights burning and the street at that point was lighted by electric lights, so that Shott could have seen the automobile and the driver of the automobile could have seen Shott. There were no obstructions in the street. One witness alone saw the accident; this was Mr. Downing who was standing at the intersection of the two streets. He testified:

"I saw a pedestrian half across the street and a machine coming from the northern intersection of Rockdale and Reading road. I paid only casual attention to it at the time, but when I saw neither the pedestrian nor the machine slacken of course that was a realization that there was an accident imminent. I didn't see the actual contact of the machine and the body because of the automobile, the machine coming between my line of vision and the decedent, but I heard him strike the ground. I judge the car ran in the neighborhood of seventy-five or eighty feet after striking the man."

Downing further says:

"Well, he was crossing the street from the east to the west. I thought he hestitated, and when I first saw the machine I judged he was waiting for the car to pass. I saw Mr. Shott and the machine probably at the same time. Upon hearing the bell I thought he slackened his pace, but barely paused to let the machine go by, and afterwards he continued to go across the street."

From the evidence it seems clear to us that Shott was guilty of contributory negligence, and that his death was caused by it. The machine was in plain view for quite a distance before he started to cross the street. There was nothing to obstruct his view, and there was nothing to distract his mind or prevent him from exercising the prudence which he should have exercised in looking for approaching vehicles when about to cross the street. He seems to have deliberately walked in front of the approaching machine. And under the evidence, we think, the court was justified in directing the jury to return a verdict for the defendants. The facts were really not in dispute and it became a question of law for the court.

There are other questions in the case, but with this view that we have taken, the other matters are immaterial and it is not necessary to consider them.