No. 614

BRAUER, Admr. v. SCHMIDT

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2997.　　Decided May 31, 1927.

225. CHARGE OF COURT—465. Error— Where, by charge of court, right of pedestrian to cross street if vehicle is in sight, is practically eliminated, such charge is erroneous and highly prejudicial.

First Publication of this Opinion

BUCHWALTER, J.

This action was brought in the Hamilton Common Pleas by Maurice Brauer, Administrator of the estate of Dora Chale, deceased, against William Schmidt to recover damages for the wrongful death of said deceased.

It was alleged that death resulted from the negligent operation of a bus owned by Schmidt. Defendant answered, denying allegations of negligence and asserting that the negligence of the deceased was the sole cause contributing to the injury. The jury returned a verdict for Schmidt and error was prosecuted from this judgment entered on such verdict. The Court of Appeals held:

A reading of the charge shows that it was erroneous, and necessarily highly prejudicial to plaintiff in error. While it was based, possibly, on the syllabus in Shott v. Korn, 1 Ohio App. 458; the rule as it appears in the syllabus of that case is not a proper statement of the law, although the facts in that case may have warranted a verdict for defendant.

Under the charge as given in the case at bar, the jury could not have done otherwise than find for the defendant, as the right of a pedestrian to cross the street, if there was a vehicle in sight was practically eliminated.

Such a rule of law in this age of conjested traffic, would practically prohibit the crossing of a street by a pedestrian save and except at his or her sole risk, if there was an approaching motor vehicle within the range of vision.

Judgment reversed and cause remanded.

(Hamilton, PJ., and Cushing J., concur).

Attorneys—Harry Hess for Brauer; Carl Lehman, Albert H. Leeker and Samuel I. Lipp for Schmidt; all of Cincinnati.

---

No. 615

TENNISON v. DREIFUS

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3020.　　Decided May 31, 1927.

396. DIRECTED VERDICT—Where court, in sustaining motion of defendant for directed verdict says that the evidence "discloses beyond a question of doubt in the Court's mind that plaintiff in this case abandoned the contract," etc., the jury might or might not agree with the court as to the evidence and the case should be submitted.

Error to Common Pleas. Judgment reversed.

First Publication of this Opinion

HAMILTON, PJ.

Alfred F. Tennison brought suit against Charles I. Dreifus for commission claimed to have been earned in the sale of real estate. At close of plaintiff's testimony defendant moved for a directed verdict. The court in sustaining the motion said, "The evidence discloses beyond a question of doubt in the Court's mind that the plaintiff in this case abandoned the contract and instead of demanding his commission from Dreifus, he gave Tusch (the purchaser) $25 to release the contract and kept the $75 and immediately proceeded to secure other purchasers and to attempt to enter into another contract with this defendant," etc.

Error was prosecuted and the Court of Appeals held:—

1. Plaintiff's testimony and exhibits present some evidence tending to establish his claim to recover.

2. The Court in passing upon the motion for a directed verdict made a statement to the effect that the evidence "discloses beyond a question of doubt in the court's mind that plaintiff in this case abandoned the contract," etc.

3. The jury might or might not agree with the court as to the evidence, and the case should have been submitted to it.

Judgment reversed and cause remanded.

(Cushing and Buchwalter, JJ., concur).

Attorneys—Samuel Rotter for Tennison; Alcorn & Alcorn for Dreifus; all of Cincinnati.